# EXHIBIT "A"

{N0774773.1 }

Case 1:19-cv-03055-RRM-VMS   Document 1-1   Filed 07/09/19   Page 2 of 9 PageID #: 6

SUPREME COURT OF THE STATE OF NEW YORK       Index No.:
COUNTY OF QUEENS
------------------------------------------------------------------X      **SUMMONS**
JONG SUN KO,

                                                                 Plaintiff designates Queens
                                        Plaintiff,               County as the place of trial.

                -against-                                        The basis of venue is:
                                                                 Plaintiff's residence

MOONYOUNG YANG and NISSAN INFINITI LT,
                                                                 Plaintiff resides at:
                                        Defendants.              220-66 A 64th Avenue, 1st Floor
                                                                 Oakland Gardens, New York 11364
------------------------------------------------------------------X
                                                                 County of Queens

**TO THE DEFENDANTS:**

        **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve
a copy of your answer or, if the complaint is not served with summons, to serve a notice of
appearance, on the Plaintiff's Attorney within 20 days after the service of this summons,
exclusive of the day of service (or within 30 days after the service is complete if this summons is
not personally delivered to you within the State of New York); and in case of your failure to
appear or answer, judgment will be taken against you by default for the relief demanded in the
complaint.

Dated: Mineola, New York
        May 7, 2019

                                        SANDERS, SANDERS, BLOCK, WOYCIK,
                                        VIENER & GROSSMAN, P.C.


                                        MICHAEL F. VILLECK
                                        Attorney for Plaintiff
                                        **JONG SUN KO**
                                        100 Herricks Road
                                        Mineola, New York 11501
                                        (516) 741-5252
                                        **FILE#:** SSBW-AUTO-ACC-63632

TO:     **MOONYOUNG YANG**
        9206 Millenium Drive
        Williamsburg, New Jersey 08046

        **NISSAN INFINITI LT**
        9206 Millenium Drive
        Williamsburg, New Jersey 08046

FILED: QUEENS COUNTY CLERK 05/31/2019 03:08 PM
NYSCEF DOC. NO. 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
---------------------------------------------------------------X
JONG SUN KO,

                Plaintiff,

       -against-

MOONYOUNG YANG and NISSAN INFINITI LT,

                Defendants.

---------------------------------------------------------------X

Index No.:

**VERIFIED COMPLAINT**

        Plaintiff, by his attorneys, **SANDERS, SANDERS, BLOCK, WOYCIK, VIENER &** **GROSSMAN, P.C.**, complaining of the defendants above-named, respectfully alleges as follows:

**AS AND FOR A FIRST CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFF: JONG SUN KO**

FIRST: That at all the times hereinafter mentioned, plaintiff was and still is a resident of the County of Queens, City and State of New York.

SECOND: Upon information and belief, that at all the times hereinafter mentioned, defendant, NISSAN INFINITI LT, was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

THIRD: Upon information and belief, that at all the times hereinafter mentioned, defendant, NISSAN INFINITI LT, is a foreign corporation authorized to do business in the State of New York.

FOURTH: Upon information and belief, that at all the times hereinafter mentioned, defendant, NISSAN INFINITI LT, was and still is a limited liability company doing business in the State of New York.

Case 1:19-cv-03955-RRM-VMS Document 1-1 Filed 07/09/19 Page 4 of 9 PageID #: 8

FIFTH: That at all the times hereinafter mentioned, defendant, NISSAN INFINITI LT, was the registered owner of a certain motor vehicle bearing license plate number N55HKU for the State of New Jersey for the year 2018.

SIXTH: That at all the times hereinafter mentioned, defendant, NISSAN INFINITI LT, was the titled owner of a certain motor vehicle bearing license plate number N55HKU for the State of New Jersey for the year 2018.

SEVENTH: Upon information and belief, that at all the times hereinafter mentioned, defendant, MOONYOUNG YANG, was the operator of the aforesaid motor vehicle.

EIGHTH: Upon information and belief, that at all the times hereinafter mentioned, defendant, MOONYOUNG YANG, was operating the motor vehicle, owned by defendant, NISSAN INFINITI LT, in the State of New York.

NINTH: Upon information and belief, that at all the times hereinafter mentioned, defendant, MOONYOUNG YANG, was the operator of the aforesaid motor vehicle with the consent and permission of the defendant owner, NISSAN INFINITI LT.

TENTH: Upon information and belief, that at all the times hereinafter mentioned, defendant, NISSAN INFINITI LT, maintained the aforesaid motor vehicle.

ELEVENTH: Upon information and belief, that at all the times hereinafter mentioned, defendant, MOONYOUNG YANG, maintained the aforesaid motor vehicle.

TWELFTH: Upon information and belief, that at all the times hereinafter mentioned, defendant, NISSAN INFINITI LT, controlled the aforesaid motor vehicle.

THIRTEENTH: Upon information and belief, that at all the times hereinafter mentioned, defendant, MOONYOUNG YANG, controlled the aforesaid motor vehicle.

FOURTEENTH: That at all the times hereinafter mentioned, the Bronx Whitestone Bridge, Bronx County, City and State of New York, was and still is a public street and highway.

FIFTEENTH: That on or about the 4th day of May 2018, plaintiff was lawfully operating a motor vehicle at the aforesaid location.

SIXTEENTH: That at the aforesaid time and place, the defendants' motor vehicle came into contact with the motor vehicle operated by the plaintiff.

SEVENTEENTH: That as a result thereof, this plaintiff was caused to sustain a serious injury as defined under §5102(d) of the Insurance Law of the State of New York, or economic loss greater than basic economic loss as defined in §5102(a) of the Insurance Law.

EIGHTEENTH: That the said occurrence and serious injuries sustained by this plaintiff were occasioned through the negligence of the defendants, their agents, servants and/or employees, in causing and permitting their motor vehicle to be operated in a negligent and dangerous manner; in following too closely; in failing and omitting to have their motor vehicle under reasonable and proper control; in carelessly and negligently causing and permitting their motor vehicle to be operated over and along a public highway at a high and/or excessive rate of speed and/or a greater rate of speed than care and caution would permit under the circumstances then and there existing; in failing to be properly alert; in failing to keep a proper lookout and to see what was there to be seen; in failing to make proper, prompt, and efficient use of adequate brakes and steering mechanisms; in failing to obey traffic signs and signals at the intersection; in following too closely; in failing to properly maintain and equip their motor vehicle; in causing, permitting, and allowing their motor vehicle to strike and collide with the motor vehicle operated by the plaintiff; in failing to take those steps necessary to avoid the accident herein; in failing to slow down and/or stop at the intersection; in failing to observe the conditions of traffic then and there

Case 1:19-cv-03955-RRM-VMS   Document 1-9   Filed 07/09/19   Page 6 of 9 PageID #: 110

prevailing; in operating their vehicle without regard to the traffic then present on the said thoroughfare; in failing to bring their vehicle to a proper stop so as to avoid contact with the motor vehicle operated by the plaintiff; in failing to sound a warning or give any other sign by horn or otherwise of their approach or of the impending accident; in following too closely and striking the plaintiff's vehicle in the rear; in failing to operate said vehicles in their proper lanes of traffic; and in failing to slow down their vehicle in order to take cognizance of other vehicles at or near the intersection prior to entering into the intersection.

NINETEENTH: That this action falls within one or more of the exceptions set forth in CPLR §1602 and does not limit the liability of the defendants' joint or several responsibility.

TWENTIETH: That by reason of the premises as aforesaid, this plaintiff was rendered sick, sore, lame, and disabled and his injuries upon information and belief, are of a permanent character. That by reason thereof, he has been prevented from following his usual vocation and has been obliged to incur expense and obligations for medicines, medical care, attention, and treatment, and he is informed, and he verily believes, that he will, in the future, be obliged to incur expense and obligations for medicines, medical care, attention, and treatment and continuous pain and suffering and be unable to follow his current vocation, all to his damage in an amount which exceeds the jurisdictional limits of all lower Courts.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF: JONG SUN KO

TWENTY-FIRST: This plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs of the complaint designated "FIRST" through "TWENTIETH," inclusive with the same force and effect as though said paragraphs were more fully and completely set forth herein at length.

FILED: QUEENS COUNTY CLERK 05/31/2019 03:08 PM
Case 1:19-cv-03955-RRM-VMS Document 1-19 Filed 07/09/19 Page 7 of 9 PageID #: 109 556/2019

NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 05/31/2019

TWENTY-SECOND: That as a result thereof, this plaintiff was caused to sustain a serious injury as defined under §5102(d) of the Insurance Law of the State of New York, or economic loss greater than basic economic loss as defined in §5102(a) of the Insurance Law.

TWENTY-THIRD: To the extent that the expenses incurred and other consequential losses suffered by plaintiff are not covered by the No-Fault Insurance benefits, defendants shall be liable to plaintiff to the full extent thereof, for an amount within the jurisdictional limits of this Court.

**WHEREFORE,** plaintiff prays for judgment against defendants in the first cause of action for an amount which exceeds the jurisdictional limits of all lower Courts; and in the second cause of action for an amount within the jurisdictional limits of this Court, all together with the costs and disbursements incurred herein, and for such other, further and different relief as the Court deems just and proper.

Dated: Mineola, New York
      May 7, 2019

             Yours, etc.

             SANDERS, SANDERS, BLOCK, WOYCIK,
             VIENER & GROSSMAN, P.C.

             MICHAEL F. VILLECK
             Attorney for Plaintiff
             **JONG SUN KO**
             100 Herricks Road
             Mineola, New York 11501
             (516) 741-5252
             **FILE#:** SSBW-AUTO-ACC-63632

## ATTORNEY'S VERIFICATION

**MICHAEL F. VILLECK**, an attorney duly admitted to practice law before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at SANDERS, SANDERS, BLOCK, WOYCIK, VIENER & GROSSMAN, P.C., attorneys of record for Plaintiff, **JONG SUN KO.** I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiff is not presently in the County wherein I maintain my offices.

Dated: Mineola, New York
May 7, 2019

MICHAEL F. VILLECK

Index No.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

JONG SUN KO,

Plaintiff,

-against-

MOONYOUNG YANG and NISSAN INFINITI LT,

Defendants.

## SUMMONS AND VERIFIED COMPLAINT

**SANDERS, SANDERS, BLOCK, WOYCIK,
VIENER & GROSSMAN, P.C.**
*Attorneys for Plaintiff*
*Office and Post Office Address, Telephone*
**100 Herricks Road
Mineola, New York 11501
Bus. (516) 741-5252
Fax (516) 741-0799**

*PLEASE TAKE NOTICE*

that the within is a *(certified)* true copy of a                    duly entered in
the office of the clerk of the within named court on

NOTICE OF ENTRY

that an Order of which the within is a true copy will be
presented for settlement to the Hon.
one of the judges of the within named court, at            on
at            a.m.

NOTICE OF
SETTLEMENT

## ATTORNEY CERTIFICATION PURSUANT TO 22 NYCRR 130-1.1A

Pursuant to 22 NYCRR 130-1.1a, the undersigned, an attorney admitted to practice in the courts of New York State, certified that, upon information and belief, and after reasonable inquiry, the contentions contained in the annexed documents are not frivolous.

Yours, etc.,

**SANDERS, SANDERS, BLOCK, WOYCIK, VIENER &
GROSSMAN, P.C.**
*Attorneys for Plaintiff*
*Office and Post Office Address, Telephone*
**100 Herricks Road
Mineola, New York 11501
(516) 741-5252**